```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

STACY M. WELLS,

               Plaintiff,

vs.                                    Case No. 2:12-cv-91-FtM-29DNF

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

               Defendant.
_____

**OPINION AND ORDER**

This matter is before the Court on consideration of a Report and Recommendation (Doc. #20), filed on August 20, 2013, recommending that the Commissioner's decision to deny social security disability benefits be reversed. The Commissioner filed Objections (Doc. #21) on August 30, 2013.

**I.**

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing Crawford, 363 F.3d at 1158-59). Even if the evidence preponderates

against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)). The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007) (citing Martin, 894 F.2d at 1529).

**II.**

Plaintiff raised eight issues in her appeal of the Commissioner's adverse decision to the district court. The Report and Recommendation found for plaintiff on one issue, finding it unnecessary to resolve the other issues in light of the recommended remand. Specifically, the Report and Recommendation found that the Appeals Council failed to evaluate evidence submitted to it after the Administrative Law Judge's (ALJ) decision, thus requiring a remand to the Commissioner. For the reasons set forth below, the Report and Recommendation is rejected.

While the Report and Recommendation found that the Appeals Council "failed to evaluate new evidence submitted to it," (Doc. #20, p. 19), the record reflects the contrary. The Notice of Appeals Council Action (Tr. 1-4) clearly states that it "considered . . . the additional evidence listed on the enclosed Order of Appeals Council." (Tr. 1.) The Court finds no meaningful distinction in this context between "evaluate" and "consider". The actual issue is not whether the Appeals Council evaluated/considered the new evidence, which it did, but whether the Appeals Council articulated its evaluation/consideration of the new evidence, which it did not. The legal issue is whether the Appeals Council, when it considers new evidence but denies review, must further articulate its findings and rational. The Court answers this question in the negative.

Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, involved similar treatment by the Appeals Council. The Appeals Council stated it considered the new evidence, and made it part of the record on appeal, but denied review because the new information did not provide a basis for changing the decision of the ALJ. Id. at 1259. Ingram did not find fault with the failure of the Appeals Council to articulate its evaluation, but simply held that when a claimant properly presents new evidence to the Appeals Council which is considered, but the Appeals Council denies review, "a reviewing court must consider whether that new evidence renders the

denial of benefits erroneous." Id. at 1262. This requires a district court to determine whether the decision of the Commissioner is supported by substantial evidence on the record as a whole, including the new material submitted to the Appeals Council. Id. at 1266. The Court finds neither Flowers v. Comm'r of Soc. Sec., 441 F. App'x 735, 745-47 (11th Cir. 2011), nor Bowden v. Comm'r, No. 6:11-cv-620-Orl-GJK, 2012 WL 2179119 (M.D. Fla. June 13, 2012), persuasive in light of the other Eleventh Circuit cases to the contrary cited by the Commissioner. (Doc. #21, p. 3.)

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #20) is **REJECTED**.

2. The Decision of the Commissioner of Social Security is **AFFIRMED** as to the adequacy of the articulation by the Appeals Council.

3. The matter is **RECOMMITTED** to the magistrate judge for a Report and Recommendation on the other issues raised by plaintiff.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of September, 2013.

JOHN E. STEELE
United States District Judge

Copies:
Hon. Douglas N. Frazier
U.S. Magistrate Judge

Counsel of Record